## Richmond.

### BRYANT BAKER v. ANDREW CARRINGTON.

January 17, 1924.

Absent, Prentis, J.

1. ASSAULT AND BATTERY—*Exemplary Damages—Wanton and Malicious Assault.*—In the instant case, according to the testimony for the plaintiff, the assault was brutal, wanton, and malicious, and it was error to refuse to instruct the jury that if they believed from the evidence "that the assault was made by the defendant maliciously, or with a willful disregard of the rights of the plaintiff, then in addition to allowing compensatory damages, they may allow punitive damages to punish the defendant, and tend to prevent the defendant and others from committing similar wrongs."

2. ASSAULT AND BATTERY—*Exemplary Damages—Actual Malice.*—Whenever an assault is of a grievous or wanton nature, manifesting a willful disregard of the rights of others, actual malice need not be shown to entitle the aggrieved party to exemplary damages. While the existence of malice may be shown in aggravation of exemplary damages, its absence does not defeat the right to their recovery.

3. APPEAL AND ERROR—*Judgment by Appellate Court—Affirmance of Judgment for Plaintiff with Remand on the Question of Damages.*—In the instant case, an action for assault and battery, the court erred in refusing to instruct the jury on the question of exemplary damages. Therefore, a verdict for the plaintiff having determined the question of liability, the case was remanded for a new trial, but only upon the amount of damages the plaintiff was entitled to recover under authority of section 6365 of the Code of 1919.

Error to a judgment of the Law and Chancery Court of the city of Norfolk in an action of trespass on the case. Judgment for plaintiff. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*Jas. G. Martin & Bro.*, for the plaintiff in error.

*Fred C. Abbott*, for the defendant in error.

WEST, J., delivered the opinion of the court.

Baker sued Carrington for $1,000.00 damages for a willful and malicious assault and battery. The jury returned a verdict for $5.00 damages, upon which judgment was entered. Baker complains.

[1] The testimony for the plaintiff, if believed, establishes these facts: Plaintiff underwent a serious surgical operation several years ago and since then has been in poor health. On Sunday morning, when the assault and battery took place, plaintiff was sitting on the front stoop of his residence, in the city of Norfolk. Defendant, an ice man, approached and asked payment of $1.60 which plaintiff owed him. Plaintiff answered that he could not pay then but would pay it later. Thereupon defendant said, "I will take it out of your face," seized hold of plaintiff, pulled him off the stoop into the street, threw him to the ground and kicked him fiercely on the shoulders, on the side and elsewhere. The plaintiff never struck a blow, nor said or did anything to insult defendant or give him any reason to suppose plaintiff would attack him. The assault was most brutal. Plaintiff's physician was called in to treat him and found him suffering severely from his wounds.

The defendant testified that he acted only in self-defense and the testimony of other witnesses tended to corroborate his evidence in this respect.

On the trial the plaintiff asked an instruction as to punitive damages, which the court refused to give. The instruction, as asked, contained the words in parentheses, which were stricken out by the court, and read as follows:

"The court instructs the jury that if they find for the plaintiff, they should allow fair damages for the injuries suffered (and if they further believe from the evidence that the assault was made by the defendant maliciously, or with a willful disregard of the rights of the plaintiff, then in addition to allowing compensatory damages, they may allow punitive damages, to punish the defendant and tend to prevent the defendant and others from committing similar wrongs)."

The plaintiff assigns as error the court's action in striking out of the instruction the words shown in parentheses and holding that punitive damages could not be asked of the jury in this case, and in refusing to set aside the verdict of the jury as inadequate, and in entering judgment thereon.

According to the testimony for the plaintiff the assault was brutal, wanton and malicious.

[2] In *Borland* v. *Barrett*, 76 Va. 128, 44 Am. Rep. 152, the court said: "It is to be further observed, the right to recover exemplary damages is not confined to cases of actual malice. Whenever the assault is of a grievous or wanton nature, manifesting a willful disregard of the rights of others, actual malice need not be shown to entitle the aggrieved party to exemplary damages. Whilst, therefore, the existence of malice may be shown in aggravation of such damages, its absence does not defeat the right to their recovery."

There being ample evidence to support it, the plaintiff was clearly entitled to have his theory of the case presented to the jury and the court erred in refusing to give the instruction as asked.

[3] For this error the verdict and judgment will be reversed and set aside. The verdict having determined the question of liability, the case will be remanded for a new trial, in conformity with the views herein expressed,

but only upon the amount of damages the plaintiff is entitled to recover.    This direction is made by authority of section 6365 of the Code.    See also *Whitten* v. *McClellan*, 137 Va. 726, 120 S. E. 146.

*Reversed.*