# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## Vira S. Baker v. David M. Marcus.

June 13, 1960.

Record No. 5068.

Present, All the Justices.

The opinion states the case.

*John B. Browder* (*E. Page Preston; William C. Worthington; J. W. Morris, III; Preston & Preston; Worthington, White & Harper; Leaman, Browder & Russell,* on brief), for the plaintiff in error.

*Louis B. Fine (Jerrold G. Weinberg; Fine, Fine, Legum, Weinberg & Schwan,* on brief), for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

David M. Marcus, sometimes hereinafter referred to as plaintiff, instituted this action against Vira S. Baker, charging that the defendant recklessly and negligently operated her automobile while under the influence of intoxicants in wilful disregard of plaintiff's rights, and struck his automobile, causing him serious personal injuries and property damage.

The trial court overruled a motion to strike that portion of the motion for judgment praying for punitive damages, and at the conclusion of plaintiff's evidence, and the conclusion of all the evidence overruled motions of the defendant to strike the evidence insofar as it related to punitive damages. The jury returned a verdict for the plaintiff in the sum of $3,000.00, compensatory damages, and $4,000.00, punitive damages; and the trial court entered judgment accordingly. The defendant duly objected, and upon her petition, we granted this writ of error.

The facts may be summarized as follows:

On August 1, 1958, an automobile operated by Mrs. Baker in a northerly direction on Granby street, in the city of Norfolk, ran into the rear end of an automobile operated by Marcus while the latter's car was standing still, waiting for an opportunity to make a left turn to a driveway of a restaurant on the westerly side of the street.

Granby street, at the point of intersection, runs north and south. The northbound portion of the street is divided into three lanes, two for through traffic, and one for traffic desiring to turn left across the southbound lane. It was dusk and the traffic was heavy. The car of Marcus was stopped in the inside left lane, marked for left turns only. Mrs. Baker was proceeding homeward, a short distance further north. She entered Granby street a short distance south of the point of the accident. It was raining, or had been raining a short time before she entered the street. Both vehicles had their lights on.

Mrs. Baker said that after turning into Granby street, she "saw cars in front of me. But I glanced over to the right. The next thing I knew, I had hit Mr. Marcus. * * * I glanced off and when I turned

around, naturally the cars, I guess, had gone ahead of Mr. Marcus. And I hit Mr. Marcus because I, when I glanced off my car ran into the back end of his car." She did not see the Marcus car prior to the time she struck it. That car was severely damaged, especially in the right rear portion, and Marcus suffered serious injuries.

Mrs. Baker was on vacation from her position as a bank employee, and expected to enter a hospital for treatment on August 4 where she was to spend the remainder of her vacation. She testified that an hour before the accident, after doing some shopping, and while visiting her brother-in-law at the latter's place of work, she had taken two drinks of vodka, an intoxicating beverage. She later gave two friends each a drink from her pint bottle of vodka. The bottle was found in her car, with a little more than one-half of its original contents.

Two police officers arrived upon the scene almost immediately after the accident. Mrs. Baker was found with her head slumped forward, with her hands on the steering wheel of her car. There was an odor of alcohol on her breath, and her nose and knees were cut and bleeding. She said that with the blood running from her nose and knees, she became hysterical, and could hardly walk.

The police officers said that she was unable to walk steadily, and "was doing quite a bit of talking and crying at the same time." One testified that she seemed to him to be in a dazed condition; but that he did not know whether the condition was due to shock, to a blow, or to alcohol.

A witness who came to the scene after he heard the noise of the collision, undertook to restrain Mrs. Baker from moving her car. After some argument with her, he removed the ignition key from her car. During the argument, she used some abusive language with respect to the witness.

Neither Marcus nor any of the occupants of his car, including his wife and mother, saw Mrs. Baker or had any conversation with her.

Mrs. Baker was carried to a hospital for treatment of her injuries, and thereafter taken to a police station. There the police, after a conference wtih respect to her intoxication, came to the conclusion that it seemed to be "a borderline case," and they charged her in a warrant with reckless driving only.

The sole question for our determination is whether or not the evidence was sufficient to support a verdict and judgment for puni-

tive damages. The defendant does not claim in her brief, or in her oral argument before us, that the evidence did not justify the award for compensatory damages.

The plaintiff contends that the evidence showed that the conduct of the defendant amounted to "a reckless disregard for the rights of another which would probably result in an injury," and, therefore, entitled him to recover punitive damages.

There is a sharp conflict of authority as to the type or degree of negligence or misconduct in the operation of an automobile by one under the influence of intoxicants which would justify an award for punitive damages. The courts have used a wide variety of expressions and reasons in defining the various tests for the determination of the right to such a recovery. In some jurisdictions, gross negligence is sufficient. In other jurisdictions, the misconduct must have been intentional, wilful, wanton, reckless or malicious, either alone, or in combination; while others have applied common law principles or statutes. Annotation, "Intoxication of automobile driver as basis for awarding punitive damages," 3 A. L. R. 2d, page 212, *et seq.*; Annotation, "Right to punitive or exemplary damages in action for personal injury or death caused by operation of automobile," 62 A. L. R. 2d, page 814, *et seq.*

There is also a conflict of authority as to whether punitive damages are recoverable for an injury received in consequence of an act which is punishable under a criminal statute in addition to compensatory damages for the same wrong. 15 Am. Jur., Damages, § 275, page 711; 25 C. J. S., Damages, § 122, page 719.

We have not been called upon in Virginia to determine any case involving the specific facts and circumstances here involved. However, in a number of cases, we have set out the distinction between compensatory and punitive damages, and the principles applicable in resolving the right of a recovery of such damages. Consistently emphasized has been the common law definition of the term "exemplary or punitive damages" as damages imposed as punishment upon a wrongdoer who has acted wantonly, oppressively, or recklessly, or with such negligence as evinces a disregard of the rights of others, or criminal indifference to civil obligations. *Zedd* v. *Jenkins*, 194 Va. 704, 74 S. E. 2d 791; *Wright* v. *Everett*, 197 Va. 608, 90 S. E. 2d 855; 5 M. J., Damages, sections 63-66, inclusive, page 554, *et seq.*

In *Zedd* v. *Jenkins, supra*, 194 Va. page 707, we said:

"Compensatory damages are awarded as compensation for the pecuniary loss—as amends or recompense for the injury inflicted. Exemplary damages are something in addition to full compensation, and something not given as plaintiff's due, but for the protection of the public, as a punishment to defendant, and as a warning and example to deter him and others from committing like offenses."

The late Chief Justice Hudgins, after reviewing the cases in *Wright* v. *Everett, supra*, 197 Va., beginning on page 614, said:

"The theory upon which exemplary, punitive, or vindictive damages, sometimes called 'smart money,' are allowed is not so much as compensation for the plaintiff's loss as to warn others, and to punish the wrongdoer if he has acted wantonly, oppressively, recklessly, or with such malice as implies a spirit of mischief, or criminal indifference to civil obligations. (Citing cases.)

"In *Wood* v. *American National Bank*, 100 Va. 306, 40 S. E. 931, Judge Stafford G. Whittle, speaking for the Court, said:

\*　　\*　　\*　　\*　　\*　　\*　　\*

" 'Exemplary damages are allowable only where there is misconduct or malice, or such recklessness or negligence as evinces a *conscious* disregard of the rights of others. But where the act or omission complained of is free from fraud, malice, oppression, or other special motives of aggravation, damages by way of punishment cannot be awarded, and compensatory damages only are permissible . . . .' "

In *Friedman* v. *Jordan*, (1936) 166 Va. 65, 68, 184 S. E. 186, this is said:

"Wilful or wanton conduct imports knowledge and consciousness that injury will result from the act done. The act done must be intended or it must involve a reckless disregard for the rights of another and will probably result in an injury. Ill will is not a necessary element \* \* \*."

Proof of actual malice is not necessary. Malice may be inferred from circumstances. *Friedman* v. *Jordan, supra*, page 68; *Baker* v. *Carrington*, 138 Va. 22, 120 S. E. 856; *Borland* v. *Barrett*, 76 Va. 128, 44 Am. Rep. 152.

No evil intent can be presumed from a mere mistake, or misadventure. "An absence of evil purpose is an absence of· malice. No mere inadvertence, mistake, or accidental occurrence can be malicious,

although negligent. * * *" *Norfolk & Western Railroad Co.* v. *Lips-comb*, 90 Va. 137, 146, 17 S. E. 809.

Cf. *United Construction Workers, et al.* v. *Laburnum Construction Corp.*, 194 Va. 872, 894, 895, 75 S. E. 2d 694; Monographic Note, 27 Gratt., Damages, page 558.

■ One who knowingly drives his automobile on the highway under the influence of intoxicants, in violation of statute, is, of course, negligent. It is a wrong, reckless and unlawful thing to do; but it is not necessarily a malicious act. Evidence of intoxication may be offered to show the negligence of a driver; but in the absence of proof of one or more of the elements necessary to justify an award for punitive damages, it may not be used to enlarge an award of damages beyond that which will fairly compensate the plaintiff for the injury suffered. Cf. 5A Am. Jur., Automobiles and Highway Traffic, § 225, page 366.

The facts in *Friedman* v. *Jordan*, 166 Va., *supra*, relied upon by plaintiff, are very different from those here before us. In that case, the operator of the automobile, Friedman, chased Jordan and wilfully ran him down and injured him.

In the case before us, Mrs. Baker did not see the Marcus car and deliberately run into it. She had nothing personal against Marcus, nor the desire to do anyone harm. The evidence shows a typical rear end collision as a result of a lack of the use of ordinary care and caution. That Mrs. Baker did not keep a proper lookout is manifest and her failure to do so constituted negligence. Her conduct may have been partly due to the intoxicants which she had imbibed; but there is nothing to show that she acted in a spirit of mischief, criminal indifference, or conscious disregard of the rights of others. Her conduct, after the collision, showed no motive to injure the plaintiff, or ill will toward him. She was then injured, and according to all the testimony she was dazed and hysterical. In momentarily taking her eyes off the road, she was guilty of a misadventure, which amounted to simple negligence, and a mistake which is likely to cause an injurious result in automobile traffic at any time and place. The evidence presents no indicia of purposeful carelessness, deliberate inattention to known danger, or any intended violation or disregard of the rights of others on the highway. The accident which occurred could have happened to anyone under the circumstances mentioned, and the damages inflicted would have been the same whether or not the wrongdoer was sober or under the influence of intoxicants.

For the reasons stated, we are of opinion that the trial court erred in submitting the question of punitive damages to the jury. Therefore, insofar as the judgment and verdict awarded punitive damages, the judgment is reversed and the verdict set aside, and the judgment, insofar as it awarded compensatory damages, is affirmed, and final judgment here entered accordingly. Appellant having substantially prevailed on this appeal will recover her costs.

*Reversed in part; and affirmed in part.*