# Richmond

## James William Eubank v. Kathleen Leake Spencer, An Infant, Etc.

December 3, 1962.

Record No. 5507.

Present, Spratley, Buchanan, Snead, I'Anson and Carrico, JJ.

*Henry M. Sackett, Jr.* (*Williams, Robertson & Sackett*, on brief), for the plaintiff in error.

*J. Frank Shepherd* (*Paul Whitehead*, on brief), for the defendant in error.

I'ANSON, J., delivered the opinion of the court.

█ The plaintiff, Kathleen Leake Spencer, an infant, suing by her father and next friend, William Carroll Spencer, filed a motion for judgment against the defendant, James William Eubank, to recover damages for personal injuries inflicted upon her when an automobile in which she was a passenger was struck by a car driven by the defendant. Plaintiff alleged, in addition to the usual allegations of negligence and claim for compensatory damages found in cases involving automobile collisions, that the defendant at the time and place of the accident was operating his automobile while under the influence of intoxicants and that her injuries were "wantonly" inflicted, which entitled her to punitive damages. Defendant's responsive pleadings denied the plaintiff's allegations.

At a pre-trial conference and when the case came on for trial the defendant admitted that he was guilty of ordinary negligence that proximately caused the accident and was liable for compensatory damages, but denied that the injuries were wantonly inflicted and that he was liable for punitive damages. The case was submitted to the jury on the sole question of the quantum of compensatory damages, and a verdict was returned for the plaintiff in the amount of $12,000. The trial court entered judgment on the verdict and the defendant is here on a writ of error.

The defendant contends that the trial court erred (1) in refusing to strike from the record evidence of his intoxication or to orally instruct the jury to disregard such evidence; and (2) in failing to orally instruct the jury to disregard the hearsay evidence of plaintiff's doctors that she had suffered from fainting spells and blackouts.

The relevant facts of the case may be summarized as follows: The accident occurred on January 10, 1960, at approximately 12:15 A.M., on U. S. Route 29 about five miles south of Lovingston, Virginia. It was raining at the time. The plaintiff was a guest passenger in an automobile operated by her father, William Carroll Spencer. The Spencer car, proceeding south on Route 29, was in the process of making a left turn into State Route 655 when it was struck from the rear by a vehicle operated by the defendant. The impact caused Spencer to lose control of his car and it traveled approximately 60 feet on the highway before he stopped it.

Evidence in proof of the plaintiff's allegations for punitive and exemplary damages was admitted, over the objection of the defendant, that three-quarters of an hour after the accident the defendant had a

strong odor of alcohol on him, was unsteady on his feet, and that he vomited in a State police patrol car.

The defendant conceded in oral argument that the evidence of intoxication was initially admissible under plaintiff's allegation that her injuries were wantonly inflicted and that she was entitled to punitive damages. But he says that the issue of punitive damages was removed from the case when it became apparent that the evidence was insufficient as a matter of law to support such a verdict; that the only remaining issue before the jury was that of fixing the amount of compensatory damages for plaintiff's injuries; that the evidence of intoxication was not material to the quantum of damages; and that the trial court should have stricken the evidence of his intoxication or instructed the jury to disregard it in arriving at the amount of damages to be awarded the plaintiff.

If evidence has been admitted to support an allegation in an action and it is later found that it has no probative value, it should be stricken out upon request, and the jury should be told that it should not be considered for any purpose unless it is relevant and material to another issue in the case, and this fact should be made very plain to the jury. *Varner's Ex'rs* v. *White*, 149 Va. 177, 185, 186, 140 S. E. 128, 130.

The record shows that the evidence was not sufficient to support a verdict for punitive or exemplary damages under our holding in the recent case of *Baker* v. *Marcus*, 201 Va. 905, 114 S. E. 2d 617, and the plaintiff abandoned the issue by not even requesting an instruction on that theory of her case. The case was submitted to the jury on the sole question of the amount of compensatory damages without the court's limiting the effect of the evidence of intoxication introduced solely to support the claim for punitive or exemplary damages.

One of the functions of pleadings in an action is to limit the issues and narrow the proofs. If alleged facts are not controverted they are not in issue, and no evidence need be offered as proof of their existence, *Fuentes* v. *Tucker*, 31 Cal. 2d 1, 187 P. 2d 752, 754; 53 Am. Jur., Trial, § 105, p. 93.

When an issue has been taken from a case by an unqualified admission of liability it is error to receive evidence which is material solely to the excluded matter. *Fuentes* v. *Tucker, supra; Hanskett* v. *Broughton*, 157 Minn. 83, 195 N. W. 794. This does not mean, however, that an admission of liability precludes a plaintiff in an action for personal injuries from showing how the accident happened if such evidence is material and relevant to the question of damages. Where liability has been admitted and the only issue to be determined is the

quantum of damages, the force of the impact and the surrounding circumstances may be relevant to show the extent of plaintiff's injuries. *Fuentes* v. *Tucker, supra,* 187 P. 2d at p. 755; *Sumrall* v. *Butler,* 102 Cal. App. 2d 515, 227 P. 2d 881, 885; *Piper* v. *Barber Transportation Co.* (S. Dakota), 112 N. W. 2d 329, 336 (1961); 53 Am. Jur., Trial, § 105, p. 93; 88 C. J. S., Trial, § 58, pp. 163, 164; Anno. 80 A. L. R. 2d 1224-1231; IX Wigmore on Evidence, 3d ed., § 2591, p. 589.

The plaintiff says that even in the absence of an allegation that her injuries were wantonly inflicted, the defendant's admission of liability for ordinary negligence did not deprive her of her right to introduce evidence of the defendant's intoxication. She contends that an automobile involved in a collision while being operated by one under the influence of intoxicants strikes an object with such force that the intoxication of the driver is relevant and material to show the extent of the injuries inflicted and the damages sustained.

We do not agree with the plaintiff's contention. The accident could have been caused by any driver who failed to exercise ordinary care in the operation of his automobile under the conditions then existing, whether he was intoxicated or sober at the time. A complete answer to the plaintiff's argument is found in the case of *Baker* v. *Marcus, supra,* 201 Va. at p. 910, 114 S. E. 2d at p. 622, where Mr. Justice Spratley, speaking for the Court, said: "[T]he damages inflicted would have been the same whether or not the wrongdoer was sober or under the influence of intoxicants."

It is true that one who drives an automobile on a highway under the influence of intoxicants is negligent, and evidence of his intoxication may be offered to show the negligence of the driver. It is a reckless and unlawful act, but not necessarily malicious. Where there is no proof of one or more of the elements necessary to justify an award for punitive damages, evidence of intoxication may not be used to increase an award for damages beyond what is full compensation for the injury suffered. *Baker* v. *Marcus, supra,* 201 Va. at p. 910, 114 S. E. 2d at p. 621.

In the present case the plaintiff was relieved of the burden of proving the defendant's negligence because that issue was removed by his unqualified admission of liability for ordinary negligence. The claim for punitive damages having been abandoned, the only remaining issue was for the jury to fix the amount of compensatory damages.

The plaintiff was entitled to an award for damages to compensate her, to reimburse her for her loss, and to pay her in money for suf-

fering, inconvenience and expense caused by the negligence of the defendant. The intoxication of the defendant was not relevant to the amount of damages the plaintiff was entitled to recover as just compensation for her injuries. *Hanskett* v. *Broughton, supra.* Yet the irrelevant evidence was before the jury without the court's instructing them that it should not be considered in fixing the amount of damages. It is impossible for us to say that they did not consider the culpability of the defendant to enlarge the award of damages beyond what was full compensation for the injuries sustained. Hence the failure of the trial court to strike out the evidence of intoxication and instruct the jury that it was not to be considered by them in fixing the plaintiff's damages was prejudicial error.

Since this case will have to be reversed and remanded for a new trial because of the error noted, it is not necessary that we deal with the other assignment of error. From a reading of the record we are satisfied that the same question will not arise in the retrial of the case as the plaintiff offered, after she had rested her case, to present additional evidence to remove the question raised by the defendant.

For the reasons stated, the judgment is reversed and the case is remanded to the court below for a new trial limited to the amount of compensatory damages the plaintiff is entitled to recover. *Certified T. V. and Appliance Company* v. *Harrington,* 201 Va. 109, 116, 109 S. E. 2d 126, 132; Code § 8-493.

*Reversed and remanded.*