## Richmond

ALLEN EDWARDS, ADMINISTRATOR, ETC. v. GENIE SYRKES.

March 8, 1971.

Record No. 7307.

Present, All the Justices.

*W. W. Whitlock*, for plaintiff in error.

*J. Calvitt Clarke, Jr. (Sands, Anderson, Marks & Clarke*, on brief), for defendant in error.

I'ANSON, J., delivered the opinion of the court.

On April 14, 1968, at approximately 11 a.m., while Herman Williams, 8 years of age, was riding a bicycle north on Route 719 in Louisa County, an automobile driven in the same direction by the defendant, Genie Syrkes, struck the bicycle and killed the boy. Allen Edwards, Herman's administrator, instituted this action against the defendant to recover for the wrongful death of his decedent.

A jury trial resulted in a verdict and judgment thereon of $1,000 in favor of the administrator, which was equally divided between Herman's mother, Maxine Lee Williams, and his half-sister, Leah

Williams Nelson. We granted the administrator a writ of error to the judgment.

The liability of the defendant has been resolved by the jury's verdict, and the only issues raised on this appeal are the adequacy of the judgment, the admission of certain evidence, and the failure of the court to grant an instruction relating to the mortality table.

The administrator contends that the award of damages was grossly inadequate, and he attributes such inadequacy to the error of the trial court in admitting the highly prejudicial evidence showing that the decedent and his half-sister were illegitimate children of Maxine Lee Williams, and that the half-sister was pregnant before her marriage to the unborn child's father.

We agree with the administrator's contention that it was error to admit the evidence complained of and that it could have influenced the jury in awarding damages. *Virginia Transit* v. *Hill,* 208 Va. 171, 156 S.E.2d 888 (1967),[1] is controlling here.

In *Virginia Transit, supra,* the trial court excluded evidence that the unmarried 16-year-old decedent had already borne one child and was pregnant with a second child at the time of her death. Defendants contended that the evidence was relevant to the question of damages, and that since the damages were based in part upon the sorrow and loss sustained by decedent's family, the decedent's promiscuity could be considered by the jury for the purpose of mitigating damages. In holding that the trial court correctly excluded the evidence of decedent's immoral conduct, a majority of this court said that the proffered evidence did not tend to show that decedent's parents lacked affection for her or that they suffered no loss or sorrow upon her death; that the evidence was not relevant to the question of damages; and that it would have been distracting to the jury.

In the present case the evidence as to the illegitimacy of Herman and his half-sister and as to the pre-marital pregnancy of his half-sister should have been excluded. This evidence does not tend to show any lack of affection by the mother and half-sister toward Herman, or that his death brought them no sorrow, suffering or mental anguish. The prejudicial effect of this evidence went far beyond any probative value it could have had in this case.

For the error committed in admitting this evidence, the judgment must be set aside and the case remanded for a new trial on the question of damages alone. Section 8-493, Code of 1950, 1957 Repl. Vol.; *Eubank* v. *Spencer,* 203 Va. 923, 927, 128 S.E.2d 299, 302-03 (1962).

1. Also cited as *Gamble* v. *Hill.*

██ Since the case is being remanded for a new trial limited to the question of damages, we think it appropriate to consider the administrator's contention that the trial court erred in not granting an instruction relating to the life expectancy of the decedent.

The table of life expectancy was introduced into evidence pursuant to the provisions of § 8-263.1,[2] Code of 1950, 1957 Repl. Vol., 1968 Cum.Supp., Acts of 1966, Ch. 472, at 654. Under the language of the statute the table is to be considered "as evidence" but it is not conclusive or binding. It is to be considered along "with other evidence as to the health, constitution and habits of such person."

It has been universally recognized that it is the duty of the court, when so requested in an action for wrongful death, to tell the jury that a mortality table introduced into evidence is to be considered by them, but it is not conclusive or binding. It should be considered along with all the other evidence relating to the health, habits and other circumstances of the person which may tend to influence his life expectancy. 22 Am.Jur.2d, Death, § 269, at 792-93; Annotation: 87 A.L.R. 910, 915-20. See *Harris* v. *Atlantic Greyhound Corporation*, 243 N.C. 346, 354-55, 90 S.E.2d 710, 716-17, 58 A.L.R.2d 939, 947-48 (1956).

The instruction offered by the plaintiff was misleading and the trial court did not err in refusing it. However, on the retrial of this case the jury should be instructed, if requested, substantially as follows:

> "The court instructs the jury that the life expectancy table introduced in evidence is to be considered by you as an aid in determining life expectancy, but it is not in any way conclusive or binding. You should consider it along with all the other evidence relating to the health, constitution and habits of the decedent in your determination of his life expectancy."

For the reasons stated, the judgment is set aside, and the case is reversed and remanded for a new trial limited to the question of damages.

*Reversed and remanded.*

2. Code § 8-263.1 provides: "Whenever, in any case not otherwise specifically provided for, it is necessary to establish the expectancy of continued life of any person from any period of such person's life, whether he be living at the time or not, the following table shall be received in all courts and by all persons having power to determine litigation as evidence, with other evidence as to the health, constitution and habits of such person, of such expectancy represented by the figures in the following columns: * * *"