## CIRCUIT COURT OF SMYTH COUNTY

Wellington

v.

Dowell

November 17, 1987

Case No. (Law) 1674

By JUDGE CHARLES H. SMITH, JR.

I have considered the pleadings filed in this matter, the authorities cited by counsel and the arguments by counsel made on November 12, 1987. The hearing was held to argue defendant's Motion In Limine requesting the court to dismiss plaintiff's claim for punitive damages.

The Supreme Court of Virginia has stated on numerous occasions:

> Punitive or exemplary damages are allowable only where there is misconduct or actual malice, or such recklessness or negligence as to evince a conscious disregard of the rights of others. They are allowed not so much as compensation for plaintiff's loss, as to warn others and to punish the wrongdoer, if he acted wantonly, oppressively, or with such malice as to evince a spirit of mischief or criminal indifference to civil obligations. Willful or wanton conduct imports knowledge and consciousness that injury will result from the act done. (*Giant of Virginia v. Pigg*, 207 Va. 679 (1967).)

The case of *Baker v. Marcus*, 201 Va. 905 (1960), involved an automobile accident in which a lady who had imbibed two shots of vodka rear-ended another vehicle. The trial court submitted the issue of punitive damages to the jury and the Supreme Court set aside that portion of the verdict. In that case the Supreme Court stated:

> One who knowingly drives his automobile on the highway under the influence of intoxicants, in violation of statute, is, of course, negligent. It is a wrong, reckless and unlawful thing to do; but it is not necessarily a malicious act. Evidence of intoxication may be offered to show the negligence of a driver; but in the absence of proof of one or more of the elements necessary to justify an award of punitive damages, it may not be used to enlarge an award of damages beyond that which will fairly compensate the plaintiff for the injury suffered.

The court, considering the present posture of this case, must consider all facts well-pled in the light most favorable to the plaintiff. Can the court say, based upon these pleadings, that, as a matter of law, no jury issue as to punitive damages has been made out? I believe the instant case is clearly distinguishable from the *Baker* case. The Supreme Court called the latter "a typical rear-end collision as a result of lack of the use of ordinary care and caution." In the instant case, it is alleged that the defendant was not only intoxicated but that he struck more than one vehicle and that he left the scene of an accident in which personal injuries were involved.

The court is of the opinion that, upon the basis of these pleadings, there is a jury issue as to whether the alleged acts of the defendant were so reckless or negligent as to evince a conscious disregard of the plaintiff's rights and/or whether he acted so wantonly as to evince a spirit of mischief or criminal indifference to civil obligations.

The court would, therefore, deny the motion.