## CIRCUIT COURT OF FAIRFAX COUNTY

Dunn

v.

Dawson

July 1, 1994

Case No. (Law) 130434

BY JUDGE MARCUS D. WILLIAMS

This demurrer was before the Court on June 24, 1994. Based on the memoranda filed, the Court finds that the plaintiff has not alleged sufficient facts upon which relief can be granted on the issue of punitive damages. Hence, the defendant's demurrer is sustained. The alleged egregious conduct of the defendant, namely leaving the scene of the accident after colliding with plaintiff's vehicle after running a stop sign, does not warrant punitive damages.

The facts and circumstances in *Huffman v. Love*, 245 Va. 311 (1993), as cited by plaintiff in opposition to the demurrer are distinguishable from those alleged in the present case. In *Huffman*, the defendant was driving at nearly twice the posted speed limit, was involved in two collisions, and had a blood alcohol level that was more than three times the level required to give rise to the presumption of intoxication. In addition, the defendant had two prior convictions for driving under the influence of alcohol and had also received court-ordered education on the dangers of drinking and driving. Despite the defendant's knowledge of such dangers, the defendant elected to drive in an impaired state without regard to the rights of others.

In the present case, plaintiff seeks punitive damages based solely on the fact that defendant left the scene of the accident. No other special facts and circumstances are alleged. As a matter of law, the facts alleged do not amount to conduct that is malicious, oppressive, or reckless, nor is the conduct indicative of such negligence as to show a conscious indifference to the rights of others or to civil obligations. *See Giant of Virginia v. Pigg*, 207 Va. 679 (1967), and *Bauer v. Marcus*, 201 Va. 905 (1960). Although

failure to stay at the scene of the accident is a violation of law, such behavior standing alone does not warrant the imposition of punitive damages. Therefore, the defendant's demurrer is sustained.