# CIRCUIT COURT OF LOUDOUN COUNTY

Maureen Devenger

v.

Ronald Creel

June 3, 1997

Case No. (Law) 17697

BY JUDGE THOMAS D. HORNE

This case came before the Court on the motion of the defendant to set aside the jury verdict. He asserts that such verdict is contrary to the law and the evidence. The Court has heretofore addressed the matters raised by the instant motion with the exception of defendant's challenge to the award of punitive damages. After considering the arguments of counsel with respect to such award, the Court took the matter under advisement and invited the attorneys to supplement their arguments with additional authorities.

Maureen Devenger was injured as a result of an automobile accident which occurred on the evening of August 27, 1994. She was a passenger in a vehicle operated by her husband and occupied by other family members. The accident occurred when an automobile driven by the defendant, Ronald Creel, crossed over the center line of a two lane roadway and sideswiped the vehicle in which the plaintiff was riding. Forced off the road by defendant's erratic driving behavior, the Devenger vehicle was upended, leaving Mrs. Devenger temporarily trapped with her dying husband and injured family members until help could be summoned. The jury could fairly conclude from the evidence that at the time of impact, Ronald Creel was under the influence of phencyclidine.

In addition to its compensatory damage award in the amount of $47,221.40, the jury determined that Mrs. Devenger should recover $50,000.00 in punitive damages. At the time of the trial, Ronald Creel was serving a sentence of twenty-three years in the Department of Corrections as a result of his actions

in bringing about the accident. Prior to his incarceration, there was evidence presented that Mr. Creel was making $500.00 per week as a foreman. The jury might fairly conclude from the testimony of the defendant that upon his release, he will resume employment at a rate of pay consistent with that which he enjoyed prior to his confinement. While incarcerated, the defendant is making a nominal sum participating in institutional maintenance.

In addition to testimony respecting Mr. Creel's income and the length of his sentence, the jury had evidence before it that the defendant would be eligible for parole during the summer of 1997. Thus, the jury could find from the evidence that Creel has the earning capacity to satisfy the awards against him once released from confinement and that such release would be at a time well short of the twenty-three years imposed by the court in the criminal prosecution. While a contrary conclusion may have been drawn by the jury, the court cannot say that their decision is either plainly wrong or without evidence to support it. § 8.01-430, Code of Virginia.

The evidence in this case justifies an award of punitive damages. A fact finder might reasonably conclude that the actions of Mr. Creel in bringing on the accident and damages were so willful or wanton as to show a conscious disregard for the rights of others. His record of prior convictions and failed treatment efforts, combined with his ingestion of a controlled substance and hazardous driving behavior, meet the factual predicate for an award of such damages in a personal injury case. *Huffman v. Love*, 245 Va. 311, 313, 314 (1993). An analysis of the punitive damage award in this case must include the following: a consideration of the legal basis upon which damages are recoverable, the guidance given the jury with respect to such an award, and the existence of sufficient facts appearing from the record to justify the sum to be recovered.

In *Baker v. Marcus*, 201 Va. 905 (1960), the Court reviewed several pronouncements upon the matter of the purpose of punitive damages. Thus, Justice Spratley observed:

> "Compensatory damages are awarded as compensation for the pecuniary loss as amends or recompense for the injury inflicted. Exemplary damages are something in addition to full compensation and something not given as plaintiff's due, but for the protection of the public, as a punishment to defendant and as a warning and example to deter him and others from committing like offenses. ..."
> The theory upon which exemplary, punitive, or vindictive damages, sometimes called "smart money," are allowed is not so much as compensation for the plaintiff's loss as to warn others and to punish

the wrongdoer if he has acted wantonly, oppressively, recklessly, or with such malice as implies a spirit of mischief or criminal indifference to civil obligations. *Id.* at 909 (authorities omitted).

Clearly the facts of the instant case could lead the jury to reasonably conclude that this accident presented an issue of public importance. The protection of the motoring public from, and the punishment of, persons who operate motor vehicles after ingesting controlled substances is a matter of contemporary concern. Despite graphic evidence of the discrete injury and damage suffered by the plaintiff, the jury was carefully instructed so as not to confound issues of compensable loss with those of punishment. Thus, the merits of plaintiff's claims for both compensatory and punitive damages were subject to consideration by the jury based upon narrowly defined principals of law.

It has not been suggested that the guidance given the jury in assessing an award of punitive damages failed to meet the minimum requirements of due process. Among the instructions given the jury was the following:

### Instruction No. 11

If you find that the plaintiff is entitled to be compensated for her damages, and if you further believe by the greater weight of the evidence that the defendant acted under circumstances amounting to a willful and wanton disregard of the plaintiff's rights, then you may also award punitive damages to the plaintiff to punish the defendant for his actions and to serve as an example to prevent others from acting in a similar way. Any award of punitive damages must take into account the following factors:

(1) The reprehensibility of the conduct, the harm caused, and the defendant's awareness of the conduct's wrongfulness and the duration of the conduct. Thus any penalties should bear a relationship to the nature and to the extent of the conduct and harm caused including the compensatory damage that you have made.

(2) The ability of the defendant(s) [sic] to pay the punitive award.

If you award punitive damages, you must state separately in your verdict the amount you allow as compensatory damages and the amount you allow as punitive damages.

This instruction conforms to the Supreme Court mandate that the trial court give the jury guidance in its consideration of the issue of punitive damages. *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 S. Ct. 1032, 113 L. Ed. 2d 1 (1991).

As noted earlier, from the evidence, the jury might fairly conclude that the defendant has the ability to satisfy the damage award without subjecting himself to "financial ruin" through his early release on parole and his re-entry into the work force at a pay rate consistent with his prior earnings history. *Cf., Williams v. Garraghty*, 249 Va. 224, 237 (1995).

Accordingly, the Court will deny the motion to set aside the verdicts of the jury, except as to the granting of interest on the award of compensatory damages. As interest was not specifically claimed by plaintiff in her pleadings, it may not be recovered.