440

## CIRCUIT COURT OF FAIRFAX COUNTY

Ziegler

v.

Singh

June 23, 1997

Case No. (Law) 152357

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter came before me for trial on April 16, 1997. At the beginning of trial, the defendant moved to exclude all evidence relating to punitive damages and to strike that claim. Upon the plaintiff's proffer of evidence in support of the punitive damages claim, I denied the motion in limine. At the conclusion of the plaintiff's evidence, the defendant moved to strike the punitive damages claim. I took the matter under advisement. The defendant's motion was renewed following all of the evidence. After the jury's verdict in favor of the plaintiff for both compensatory and punitive damages, I allowed counsel to file memoranda of law in support of their respective positions. Before me now are the defendant's motion to strike punitive damages (taken under advisement during the trial) and the defendant's motion for a new trial (filed a few weeks after the verdict). For the reasons stated below, both of the defendant's motions are denied.

On the issue of punitive damages, the evidence viewed in the light most favorable to the plaintiff (Ms. Ziegler) demonstrates that the defendant (Mr. Singh) caused an accident on November 17, 1994, at approximately 8:00 p.m. by running into the rear of a vehicle driven by Victor Diaz. Mr. Diaz had been stopped at a stoplight for about ten seconds when he was hit by Mr. Singh's vehicle. Mr. Diaz put his vehicle in park and got out to inspect the damage to the rear of his vehicle. After looking at the damage, he began walking toward Mr. Singh's vehicle, which was still behind the Diaz vehicle. Mr. Singh put his vehicle in reverse, backed up, turned off his headlights, and began driving

directly toward Mr. Diaz. Mr. Diaz jumped out of the way and Mr. Singh swerved his car out of the way at the last second. Mr. Singh went around the Diaz vehicle, and in very short order side-swiped two more vehicles (one of which was being driven by Ms. Ziegler). Mr. Singh still did not stop his vehicle, and shortly thereafter, he ran a red light and hit a tree which brought his vehicle to a halt. He fled from his vehicle into a nearby apartment complex. Mr. Diaz (in his vehicle) had followed Mr. Singh until the defendant hit the tree, and tried to follow Mr. Singh on foot into the apartment complex but was unable to keep up with him. Mr. Singh left his driver's licenses in his car, and Detective Duranko arrived promptly on the scene and began searching for Mr. Singh in the apartment complex. He was directed by other apartment dwellers to Mr. Singh's door, where he knocked. A female answered the door and advised that Mr. Singh was upstairs. She went upstairs and brought him down. Detective Duranko detected a strong odor of alcohol about Mr. Singh and found his eyes to be glassy and his speech slightly slurred. Mr. Singh agreed to take an alco-sensor test. Detective Duranko testified that the test yielded a positive reading, but he could not recall the specific reading. Detective Duranko asked Mr. Singh about the accident and why he ran, and Mr. Singh replied that he ran because he had been drinking. Detective Duranko recalled that Mr. Singh said that he had been drinking liquor (as opposed to beer).

In a series of cases decided over the last three decades, particularly from *Baker v. Marcus*, 201 Va. 905 (1960), to *Huffman v. Love*, 245 Va. 311 (1993), the Supreme Court of Virginia has made it plain that a plaintiff bears a heavy burden in recovering punitive damages in a personal injury action. However unfortunate the consequences of an accident or the injury suffered, punitive damages may not be recovered for simple negligence or mere misadventure; for common traffic mistakes likely to cause an injurious result at any time and place; or for conduct lacking purposeful carelessness, deliberate inattention to known danger, or intentional violation or disregard of the rights of others. *Baker*, 201 Va. at 910. But where reasonable persons could disagree on whether the defendant's actions were simply negligence or instead reflected misconduct, malice, or such recklessness or negligence as to evince a conscious disregard of the rights of others, the issue of punitive damages is for the trier of fact to consider. *Huffman* 245 Va. at 314; *Booth v. Robertson*, 236 Va. 269, 271 (1988). The question presented in the instant case by the defendant's motion to strike punitive damages is whether reasonable persons could differ as to whether Mr. Singh's actions constituted purposeful carelessness, malice, or a conscious disregard of the rights of other. I find that reasonable persons could so disagree.

The jury could have reasonably concluded that Mr. Singh's actions of backing up following his first accident, turning off his headlights, driving his vehicle toward the victim of the first accident, swerving at the last second to miss him, and then side-swiping Ms. Ziegler's vehicle, and having done so intentionally because of his prior consumption of alcohol, constituted intentional misconduct or such recklessness as to demonstrate a conscious disregard of the rights of others.

The defendant complains of the Court's failure to instruct the jury that his conduct following the collision with the plaintiff should not be considered in determining the issue of punitive damages. I declined to give such an instruction during closing argument because evidence of post-collision conduct was not objected to by the defendant. The defendant's motion in limine was to the issue of punitive damages as a whole. No objection was made then or during the plaintiff's case to particular evidence. Indeed, while denying the broader motion in limine, I even questioned the relevance and materiality of post-collision conduct. But no objection was made when such evidence was offered. Regardless, I find that the defendant's conduct before and at the collision with the plaintiff, when coupled with his oral admissions, is sufficient to support a punitive damages award.

The defendant also moves for a new trial on the grounds that allowing the jury to consider the issue of "future pain and suffering" was error. I find that the evidence was sufficient to allow the jury to consider that category of compensatory damages, and therefore I deny the motion for a new trial.