## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Axel Fernandez

v.

Venetia Cadow et al.

April 8, 2003

Case No. CL02-463

BY JUDGE WILLIAM H. LEDBETTER, JR.

The question presented is whether the motion for judgment in this personal injury action states a claim for punitive damages.

*Facts*

This litigation is a consequence of an automobile accident that occurred on May 24, 2001. Fernandez alleges that he was injured when Cadow ran a stop sign and struck him. Fernandez further alleges that Cadow was intoxicated at the time with a BAC of 0.15 or more; that Cadow knew at the time she consumed the alcohol that it would intoxicate her and impair her ability to drive; that Cadow knew that she was going to operate a vehicle; and that Cadow knew she was unfit to drive.

Fernandez's pleading contains three counts. Count I alleges facts sufficient to state a claim for compensatory damages based on negligence. Count II asserts a common law claim for punitive damages. Count III seeks punitive damages under Virginia Code § 8.01-44.5.

Cadow filed a responsive pleading. She simultaneously filed a demurrer to the punitive damages claims.

At a hearing on March 16, 2003, the court overruled the demurrer to the statutory punitive damages claim. The court is of the opinion that a pleading sufficiently states a claim for punitive damages under § 8.01-44.5 if it contains facts that address the three elemental requirements, *viz*: (1) at the

time of the accident, the defendant's BAC was 0.15 or more; (2) at the time the defendant consumed the alcohol, he knew or should have known that his ability to drive would be impaired; and (3) the defendant's intoxication was a proximate cause of the accident.[1] Fernandez's motion for judgment adequately addresses the statutory requirements.

The court took under advisement the demurrer to the common law punitive damages claim.

### Applicable Principles of Law

Before enactment of § 8.01-44.5, the Virginia Supreme Court allowed punitive damages claims against intoxicated drivers where the facts were so egregious as to constitute willful or wanton conduct, in other words, the facts were such as to evince a "conscious disregard of the rights of others." *Baker v. Marcus*, 201 Va. 905, 114 S.E.2d 617 (1960); also see *Booth v. Robertson*, 236 Va. 269, 374 S.E.2d 1 (1988); *Huffman v. Love*, 245 Va. 311, 427 S.E.2d 357 (1993). However, the Court has emphasized that intoxication alone will not support a claim for punitive damages. See *Huffman, supra.*

In 1994, the legislature enacted § 8.01-44.5 which expressly authorizes an award of punitive damages "if the evidence proves that . . . the defendant's conduct was so willful or wanton as to show a conscious disregard for the rights of others." This language tracks decisional law and is merely a restatement of the common law.

(The statute goes on to provide that a defendant's conduct is "deemed" willful or wanton if three prerequisites are established, giving rise to what is now known as a statutory claim for punitive damages. These statutory prerequisites, discussed above, are not relevant to a consideration of Fernandez's common law claim for punitive damages.)

In *Woods v. Mendez*, 265 Va. 68, 574 S.E.2d 263 (2003), the Court dealt with a demurrer to a claim for common law punitive damages. There, the plaintiff alleged that the defendant was intoxicated. In addition, she alleged a number of facts related to the defendant's *driving*. For instance, she asserted that the defendant drank at least several beers *while* driving; he drove knowing that he had not slept and was in danger of falling asleep; he fell asleep at the wheel of his vehicle; he made no attempt to avoid the collision, which occurred at 60 m.p.h.; and his knowledge of his drinking and sleep deprivation showed a conscious disregard for the plaintiff's rights.

---

[1] The General Assembly removed another requirement, that the defendant knew at the time he was consuming alcohol that he was going to drive a vehicle, in 2002.

The *Mendez* opinion makes it clear that the specific allegations related to the defendant's *driving* carried great weight. These particulars were the focus of the Court's decision to reverse the trial court ruling that sustained a demurrer to the common law claim for punitive damages. In essence, the Court concluded that sufficient facts were pleaded.

In this case, Fernandez cites no particular specifics related to Cadow's driving that could be characterized as egregious, or even unusual. The only allegation directly related to Cadow's driving is that she ran a stop sign. Instead, Fernandez's pleading focuses almost exclusively on Cadow's consumption of alcohol. He asserts that she was intoxicated; her BAC was 0.15 or more; she knew at the time she drank the alcohol that she was going to drive and that her driving would be impaired; and that her intoxication made her unfit to drive.

This court is of the opinion that allegations regarding a defendant's intoxication, the level of intoxication, and the circumstances surrounding the intoxication, do not, of themselves, state a claim for punitive damages at common law. In addition, there must be allegations of egregious conduct related to the defendant's operation of the vehicle. Put another way, egregious conduct that evinces a conscious disregard of the rights of another involves a *combination* of circumstances related to drinking *and* driving.

Because Fernandez's only allegation related to Cadow's driving is that she ran a stop sign, his common law punitive damages claim is deficient. Accordingly, the demurrer to Count II of the motion for judgment will be sustained. Fernandez may amend his pleading, if he be so advised, within twenty-one days of the order.

Mr. Glover will please prepare and circulate an order sustaining the demurrer to Count II with leave to amend and overruling the demurrer to Count III.