# Anne R. Puent

## v.

# Edward W. Dickens

Record No. 920819

February 26, 1993

Present: All the Justices

*Robert J. Haddad (Thomas B. Shuttleworth; Lisa P. O'Donnell; Shuttleworth, Ruloff, Giordano & Kahle*, on brief), for appellant.
*Paul D. Fraim (Todd M. Fiorella; Heilig, McKenry, Fraim & Lollar*, on brief), for appellee.

JUSTICE WHITING delivered the opinion of the Court.

In this automobile collision case, we decide whether the proffered evidence creates a factual basis sufficient to permit an award of punitive damages against a drunken driver. Additionally, we consider: (1) whether a plea of guilty to reckless driving will suffice to establish a claim for punitive damages; and (2) whether evidence of the defendant's intoxication is admissible when the only factual issue is that of the quantum of compensatory damages.

During the night of December 1, 1989, Edward W. Dickens, who was driving a pickup truck, ran into the rear of a car in which Anne R. Puent was a passenger. Puent sued Dickens to recover compensatory and punitive damages. In her motion for judgment, Puent alleged that Dickens had operated his vehicle while intoxicated, "evidenc[ing] a conscious disregard for the rights of the plaintiff."

Dickens admitted liability for compensatory damages. By agreement of the parties, evidence was proffered to the trial court by testimony and statements of counsel before empaneling a jury, so that the trial court could rule upon Dickens' motions to strike the evidence supporting the claim for punitive damages. After considering such evidence and proffers, as well as argument of counsel, the court sustained Dickens' motions to strike Puent's claim for punitive damages and to exclude any evidence of Dickens' intoxication from consideration by a jury.

Thereafter, the trial court entered final judgment against Dickens in the sum of $16,250, the stipulated amount of Puent's compensatory damages. Puent appeals both adverse rulings of the court.

Because the court struck Puent's evidence supporting her claim for punitive damages, we state the evidence and all reasonable inferences therefrom in the light most favorable to her claim. Dickens had three drinks from a bottle of bourbon within a period of an hour to an hour and fifteen minutes before the truck he was driving collided with the car in which Puent was a passenger. This car, which had stopped at a traffic light, had lighted brake and rear lights.

Jacqueline W. Peterson, the driver of another vehicle that Dickens passed just before striking the Puent vehicle, testified that Dickens' truck passed her "going very fast" and that "[n]o brake lights came on. There was no indication that he was stopping [before the collision]."

Dickens took a fourth drink as he sat in his truck just after the collision. Peterson, who is a nurse and who had stopped to render assistance to the injured Puent, testified that Dickens was drunk at the scene of the collision. Peterson also testified that Dickens looked as if he intended to leave the scene of the accident.

A short time after the accident, a test of Dickens' breath alcohol indicated that his blood alcohol content was 0.24% alcohol by weight, raising a presumption that he was intoxicated. Code § 18.2-269(A)(3). Dickens later pleaded guilty to reckless driving at the time of the collision.

■ The parties agree that in order to create an issue of punitive damages where misconduct or malice has not been shown, a plaintiff must show that the defendant's conduct was of "such recklessness or negligence as evinces a conscious disregard of the rights of others." *Baker v. Marcus*, 201 Va. 905, 909, 114 S.E.2d 617, 621 (1960). They disagree whether the evidence in this case is sufficient to create a jury issue of Puent's entitlement to punitive damages under this standard.

Puent compares Dickens' 0.24% blood alcohol content with the defendant's blood alcohol content of 0.22% in *Booth v. Robertson*, 236 Va. 269, 271, 374 S.E.2d 1, 1 (1988), in which we held that a jury issue of punitive damages was created. However, as we point out in *Huffman v. Love*, 245 Va. 311, 427 S.E.2d 357 (1993), decided this day, intoxication alone did not establish a case for punitive damages in *Booth*; other acts of negligence that were direct causes of the collision must also be considered.

And here, except for Dickens' higher level of intoxication, his carrying an open liquor bottle in his vehicle and continuing to drink after the accident, and his apparent efforts to leave the scene of the accident, we have a case similar to the rear-end collision in *Baker*, in which we reversed an award of punitive damages. 201 Va. at 910-11, 114 S.E.2d at 621-22. Indeed, Dickens' negligent and reprehensible conduct did not approach that degree of negligence exhibited in *Booth*, *Huffman*, or *Hack v. Nester*, 241 Va. 499, 404 S.E.2d 42 (1991).

Although we held the evidence sufficient to create a factual issue of punitive damages in *Booth* and *Huffman*, we held the evidence insufficient in *Hack* to justify an award of punitive damages against a drunken driver. *Id.* at 507, 401 S.E.2d at 45. The intoxicated defendant in *Hack* (with two prior drunk driving convictions), who allegedly suffered from ''night blindness,'' and who was operating a car at night without a left headlight, collided head-on in a curve with an approaching vehicle in its lane of travel. 241 Va. at 506, 404 S.E.2d at 45.

■ Here, a jury could have found that Dickens was drunk, that he was ''going very fast,'' that he did not attempt to stop before striking the rear of Puent's car, and that he attempted to leave the scene of the collision. However, in our opinion, these combined factors are insufficient to justify a finding of the wanton negligence necessary for an award of punitive damages.

■ Nor does the fact that Dickens pleaded guilty to reckless driving suffice to establish Puent's case for punitive damages, as she argues. The definition of reckless driving in the motor vehicle code ''is not used with reference to the law of torts.'' *Morris v. Dame*, 161 Va. 545, 569, 171 S.E. 662, 671 (1933). Therefore, whether the conduct complained of was sufficient to justify an award of punitive damages must be determined by the facts and circumstances of each case. *Id* . at 569-70, 171 S.E. at 671.

■ Finally, we consider whether the court erred in excluding evidence of Dickens' intoxication in the subsequent trial that was limited to the issue of compensatory damages. Such evidence is not relevant to the determination of the quantum of compensatory damages and should not be admitted when that is the only issue before the jury. *Eubank v. Spencer*, 203 Va. 923, 927, 128 S.E.2d 299, 302 (1962). Hence, the court correctly excluded that evidence.

For the reasons stated herein, we will affirm the judgment of the trial court.

*Affirmed.*

JUSTICE COMPTON concurs in the result.

JUSTICE KEENAN, with whom JUSTICE HASSELL joins, dissenting.

I believe that reasonable persons could disagree whether Dickens's conduct was so willful or wanton that it showed a conscious disregard for the rights of others. Therefore, I would hold that the question of punitive damages was a matter for a jury's consideration and that the trial court erred in concluding otherwise. *See Huffman v. Love*, 245 Va. 311, 427 S.E.2d 357 (1993) (this day decided).

Since I disagree with the majority on the above issue, I would not reach the subsequent issue regarding compensatory damages.