## CIRCUIT COURT OF FREDERICK COUNTY

Judy

v.

Lee

May 4, 1993

Case No. (Law) 92-226

BY JUDGE JAMES L. BERRY

This matter comes on for consideration by the Court of the Demurrer of State Farm Mutual Automobile Insurance Company to Amended Count III of Plaintiff's Second Amendment of Motion for Judgment pleading punitive damages.

At the request of both counsel, this Court has reviewed the cases of *Huffman v. Love,* 245 Va. 311 (1993), and *Puent v. Dickens,* 245 Va. 217 (1993), both decided by the Virginia Supreme Court on February 26, 1993.

In my view, however, consideration of neither of these cases is necessary to the decision in the case at bar.

Two basic legal principles govern the decision in this case. Virginia Supreme Court Rule 1:4(d) requires that "[e]very pleading shall state the facts on which the party relies . . . and it shall be sufficient if it clearly informs the opposite party of the true nature of the claim . . . ." In addition, a demurrer admits as true those facts well pleaded and all reasonable inferences which necessarily flow therefrom.

The operative facts well pleaded in Count III of Plaintiff's Amended Motion for Judgment are simply that Defendant violently collided his motor vehicle into the rear of Plaintiff's vehicle. The balance of Plaintiff's Amended Count III are mere conclusions of law.

Since Plaintiff has failed to plead facts sufficient to show that Defendant acted with criminal indifference or a conscious disregard of the rights of others, the Demurrer must be sustained.

Further, Plaintiff having previously been given leave to replead, leave to replead is now denied.