# CIRCUIT COURT OF THE CITY OF NORFOLK

Norris

v.

John Doe

September 16, 1998

Case No. (Law) L97-1659

BY JUDGE JOSEPH A. LEAFE

The motion currently before this Court is defendant's Motion to Dismiss the punitive damage claim. The Court will treat it as a motion for partial summary judgment. The Court has carefully considered the briefs submitted by both parties.

"A court in considering a motion for summary judgment must adopt those inferences from the facts that are most favorable to the nonmoving party, unless the inferences are strained, forced, or contrary to reason." *Carson ex rel. Meredith v. LeBlanc*, 245 Va. 135, 427 S.E.2d 189 (1993). Therefore, in the present case, all inferences most favorable to Plaintiff Norris must be adopted.

The relevant alleged facts in this case are that on or about October 19, 1996, the Plaintiff was a pedestrian near Little Bay Avenue in the City of Norfolk. Defendant John Doe recklessly operated his vehicle and caused it to strike a parked vehicle, which vehicle then struck the Plaintiff. Defendant Doe then fled the scene. "About 100 yards from the scene, [Doe] stopped, got out of his car to survey what he had done, re-entered his car, and fled."

The Court will first consider whether the Defendant Doe's post-collision conduct can be considered as evidence to support the claim for punitive damages.

The Supreme Court of Virginia has consistently allowed the facts and circumstances surrounding the time after the accident to figure into its analysis on whether punitive damages are appropriate. The two most direct examples are *Huffman* and *Puent*.

In its analysis in *Huffman*, the Supreme Court stated: "Instead of stopping to see if she was injured, Love left the scene of the accident. When the police stopped Love, he was so intoxicated that he could not talk, stand, or walk." *Huffman v. Love*, 245 Va. 311, 314, 427 S.E.2d 357, 360 (1993). In *Puent*, the Court noted: "[Defendant] Dickens took a fourth drink as he sat in his truck just after the collision ... . Peterson also testified that Dickens looked as if he intended to leave the scene of the accident." *Puent v. Dickens*, 245 Va. 217, 219, 427 S.E.2d 340, 342 (1993).

Thus, in the present case, any evidence of Defendant Doe stopping at the scene and fleeing is evidence that this Court may weigh in its decision on whether to dismiss the punitive damages claim.

The second issue is whether the facts and circumstances in this case including Doe's post-accident conduct, are sufficient to support the punitive damages claim.

"Punitive or exemplary damages are allowable only where there is misconduct or actual malice, or such recklessness or negligence as to evince a conscious disregard of the rights of others." *Giant of Va., Inc. v. Pigg*, 207 Va. 679, 685, 152 S.E.2d 271, 277 (1967). "Willful and wanton negligence is acting in disregard of another person's rights or acting with reckless indifference to the consequences, with the defendant aware, from his knowledge of existing circumstances and conditions, that his conduct probably would cause injury to another." *Griffin v. Shively*, 227 Va. 317, 321, 315 S.E.2d 210, 213 (1984).

In *Booth v. Robertson*, 236 Va. 269, 374 S.E.2d 1 (1988), the Supreme Court of Virginia reversed the trial court's denial of punitive damages. The Court, however, said, "We do not intend by this decision to indicate a lessening of this Court's general reluctance to allow punitive damages in run-of-the-mill personal injury cases." *Id.* at 273.

The Supreme Court has addressed the issue of punitive damages in five major auto accident cases. The Court allowed punitive damages in two cases: *Booth v. Robertson*, 236 Va. 269, 374 S.E.2d 1 (1988) (tortfeasor drives wrong way on Interstate 81 and ignores flashes and horn blasts from trucker), and *Huffman v. Love*, 245 Va. 311, 427 S.E.2d 357 (1993) (tortfeasor had an earlier collision and .32% BAC, and he failed to stop at the scene). The Court denied punitive damages in the other three cases. Two of those involved alcohol-related accidents: *Hack v. Nester*, 241 Va. 499, 404 S.E.2d 42 (1991) (tortfeasor was drunk earlier, had prior DUIs and drove on wrong side of road), and *Puent v. Dickens*, 245 Va. 217, 427 S.E.2d 340 (1993) (tortfeasor driving fast with high BAC and had another drink at scene of accident).

In the final case, *Clohessy v. Weiler*, 250 Va. 249, 462 S.E.2d 94 (1995), a sixteen-year old driver stopped to remove something from her antenna at night. She then resumed driving despite a foggy windshield, and she failed to turn on her headlights. A handful of pedestrians were walking along that road, and defendant hit one of them. In addition, the defendant was driving above the speed limit. Finally, the plaintiff was in violation of a pedestrian statute when she was hit from behind. The trial court allowed the issue of punitive damages to go to the jury. In reversing the trial court, the Supreme Court analyzed the circumstances which might be sufficient for punitive damages.

This Court, in applying the *Clohessy* analysis, finds that Defendant Doe's conduct does not rise to the level necessary to support punitive damages. There is the allegation of reckless operation of a motor vehicle but no evidence of the defendant's condition or what caused the reckless operation. There is no allegation of intentional or willful conduct except the allegation that Doe intentionally hurt Norris by not rendering assistance afterward. The totality of this conduct does not reach the level of culpability necessary for punitive damages under the criteria established by the Virginia Supreme Court.