Present:    All the Justices

SIDNEY M. WEBB

                          OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.  Record No. 980014            November 6, 1998

JASON W. RIVERS

          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    Randall G. Johnson, Judge

     In this appeal, we consider whether the trial court erred
in striking the plaintiff's claim for punitive damages.

     The plaintiff, Sidney M. Webb, filed his motion for
judgment against Jason W. Rivers.  The plaintiff alleged that
he was injured in an automobile accident and that his injuries
were proximately caused by the defendant's "carelessness,
recklessness and negligence."  The plaintiff sought
compensatory and punitive damages.

     The plaintiff produced the following evidence at a jury
trial.  On May 3, 1995, the plaintiff was operating a
Chevrolet Blazer, and his wife and young daughter were
passengers.  As the plaintiff, who was traveling on Hamilton
Street in the City of Richmond, drove through the intersection
of Hamilton and Grove Avenue, he observed a car driven by the
defendant.  The defendant ignored a red light, drove through
the intersection, and his car collided with the plaintiff's
vehicle, which rolled over and "came to rest on its roof."

Jacqueline Webb, the plaintiff's wife, testified that the defendant was driving his car at 90 m.p.h. The legal speed limit at the intersection where the accident occurred is 25 m.p.h.

Officer Walter P. Wilhelm, a Richmond police officer who responded to the accident, testified that when he arrived at the scene, the defendant was "entirely intoxicated sitting behind the wheel of a wrecked automobile." The defendant, whose car was on Grove Avenue, told Officer Wilhelm that the defendant thought he was on the Boulevard, another street in Richmond. The defendant also stated that the time was 10:00 p.m. when it was actually 11:50 p.m.

Officer Wilhelm testified that "[i]t was hard to understand anything [the defendant] said" and that the defendant admitted that he had been drinking alcoholic beverages that night. Officer Wilhelm described the defendant as "very" drunk and that he had a very strong odor of alcohol about his person. Officer Wilhelm testified that the defendant was in a stupor because he was so drunk.

At 1:39 a.m. on May 4, 1995, about two hours after the accident, a breath test indicated that the defendant had a blood alcohol level of .21%. The blood alcohol level to establish a rebuttable presumption of intoxication in Virginia

2

at that time was .08%.  The defendant pled guilty to the charge of driving under the influence.

The defendant made a motion to strike the plaintiff's claim of punitive damages after the plaintiff rested his case. The trial court sustained the motion, and the case proceeded to a jury which returned a verdict in favor of the plaintiff and awarded him $350 in compensatory damages.  The trial court entered a judgment confirming the jury's verdict.  The plaintiff appeals, challenging that portion of the trial court's judgment which sustained the defendant's motion to strike the plaintiff's claim for punitive damages.

Code § 8.01-44.5 states in relevant part:

> "In any action for personal injury or death arising from the operation of a motor vehicle . . . the finder of fact may, in its discretion, award exemplary damages to the plaintiff if the evidence proves that the defendant acted with malice toward the plaintiff or the defendant's conduct was so willful or wanton as to show a conscious disregard for the rights of others.
> "A defendant's conduct shall be deemed sufficiently willful or wanton as to show a conscious disregard for the rights of others when the evidence proves that (i) when the incident causing the injury or death occurred the defendant had a blood alcohol concentration of 0.15 percent or more by weight by volume (ii) at the time the defendant began, or during the time he was, drinking alcohol, he knew that he was going to operate a motor vehicle . . . and (iii) the defendant's intoxication was a proximate cause of the injury to or death of the plaintiff."

The plaintiff argues that the trial court erred by striking his statutory claim for punitive damages because he believes that he proved each of the aforementioned statutory elements. The defendant argues, however, that the plaintiff failed to prove that "at the time the defendant began, or during the time he was, drinking alcohol, he knew that he was going to operate a motor vehicle . . . ." Id.

We agree with the defendant. Code § 8.01-44.5 required that the plaintiff prove each of the statutory elements contained therein. Here, the plaintiff failed to produce any evidence that at the time the defendant began drinking alcohol, or during the time he was drinking alcohol, the defendant knew he was going to operate a motor vehicle. The record is simply devoid of such evidence. Therefore, we hold that the trial court correctly struck the plaintiff's statutory claim for punitive damages.

The plaintiff contends that even if he failed to satisfy the requirements of Code § 8.01-44.5, he presented sufficient evidence to support a common law claim for punitive damages. The defendant, relying principally upon Puent v. Dickens, 245 Va. 217, 427 S.E.2d 340 (1993), responds that the plaintiff failed to produce sufficient facts to support a common law claim for punitive damages. We disagree with the defendant.

In Puent, Edward W. Dickens, who was operating a pickup truck, collided with the rear of a car in which Anne R. Puent was a passenger. Puent filed a motion for judgment against Dickens, seeking compensatory and punitive damages. According to Puent's evidence, which was struck by the trial court, Dickens had three drinks from a bottle of whiskey within 60 to 75 minutes before the truck he was driving collided with the car in which Puent was a passenger.

The car in which Puent was traveling had stopped at a traffic light, and the car's brake and rear lights were lit. A witness testified that Dickens was driving very fast and that apparently he did not apply his brakes before he collided with the Puent car.

Immediately after the collision, Dickens consumed another drink of whiskey as he sat in his truck. A short time after the accident, a test of Dickens' breath indicated that his blood alcohol content was 0.24% by weight which raised the presumption that he was intoxicated. Dickens subsequently pled guilty to the charge of reckless driving.

In Puent, we observed that "in order to create an issue of punitive damages where misconduct or malice has not been shown, a plaintiff must show that the defendant's conduct was of 'such recklessness or negligence as evinces a conscious disregard of the rights of others.'" 245 Va. at 219, 427

5

S.E.2d at 342 (quoting Baker v. Marcus, 201 Va. 905, 909, 114 S.E.2d 617, 621 (1960)). We stated that the evidence of record in Puent was insufficient to support an award of punitive damages and, thus, we held that the trial court properly struck the plaintiff's evidence.

We hold that unlike the plaintiff in Puent, Webb has established sufficient facts from which a jury may infer that the defendant's acts of recklessness or negligence evinced a conscious disregard of the rights of others. Viewing the evidence in the light most favorable to the plaintiff, the defendant was traveling 90 m.p.h. in a residential neighborhood with a 25 m.p.h. speed limit, and he drove his car through a red light. Additionally, the defendant had a blood alcohol content of .21%, and he was so intoxicated that he did not know where he was, nor did he know the time of night. Therefore, the trial court should not have struck the plaintiff's common law claim for punitive damages.

We will affirm that portion of the trial court's judgment which held that the plaintiff failed to establish a claim for punitive damages under Code § 8.01-44.5. We will reverse that portion of the trial court's order which dismissed the plaintiff's common law claim for punitive damages, and we will remand this proceeding for a trial only on the plaintiff's common law punitive damages claim.

6

Affirmed in part, reversed in part, and remanded.