# CIRCUIT COURT OF THE CITY OF PORTSMOUTH

Charles Hoggard

v.

Michael Reitano, Jr.

February 14, 2001

Case No. CL00-872

BY JUDGE DEAN W. SWORD, JR.

This matter comes before the court upon a Motion for Judgment seeking in Count One the recovery of punitive damages and in Count Two the recovery of compensatory damages arising from an automobile accident that occurred in the City of Portsmouth on October 1, 1999.

The basis for the punitive damages claim is an alleged violation of Virginia Code § 8.01-445.5. No common law claim is made.

The defendant has filed a motion to strike the punitive damage claim and, based upon an admission of liability, seeks to prohibit the introduction of any evidence regarding the use of alcohol by the defendant.

While the court has not yet conducted any evidentiary proceeding, there is sufficient evidence before the court to decide the legal issues presented by the defendant.

The defendant, pursuant to Rule 4:11, filed a request for admission and the plaintiff has responded admitting that the "Certificate of Blood Alcohol Analysis" done by Officer Steven E. Walker of the Portsmouth Police Department on October 2, 1999, at 12:05 a.m. and attached as Exhibit A is a "true and authentic copy." They further admit that the test was performed "94 minutes after the accident that is the subject of the Plaintiff's Motion for Judgment." The test report shows the alcohol content of the defendant to be 0.14 grams per 210 liters of breath.

Pursuant to Rule 4:11(d), the court makes the answers to the request for admissions, upon the motion of the defendant, evidence in this case along with

the report of analysis which is an exhibit to the said request for admission. Under subpart (b) of the aforementioned Rule, the court finds that the issues admitted are now "conclusively established" and are evidence in the case.

Finally, we should note that "a defendant's conduct shall be deemed sufficiently willful or wanton as to show a conscious disregard for the rights of others when the evidence proves that (i) when the incident causing the injury or death occurred, the defendant had a blood alcohol concentration of 0.15 percent or more by weight by volume or 0.15 or more per 210 liters of breath. . . ." Virginia Code § 8.01-44.5.

The defendant argues that the certificate of analysis (Exhibit A) conclusively establishes that the plaintiff may not rely upon this statute to establish punitive damages. The plaintiff argues that he should be allowed to present additional expert testimony using the certificate as a bench mark 94 minutes after the accident is alleged to have occurred and then to opine as to the blood alcohol concentration at the time of the accident.

Such an approach would, assuming such expert testimony is available and would meet appropriate admissibility issues, allow the plaintiff to make his punitive damages claim. The court obviously is not prepared to rule on such an issue; however, the court is ready to determine whether or not the plaintiff, pursuant to this statute, is conclusively bound to the 0.14 test result.

The determination of the Motion in Limine is linked to the resolution of this issue, and so we shall deal with it last.

### *Applicability of § 8.01-44.5*

This statute was originally enacted and became effective in 1994. As frequently happens with relatively new legislative enactments, the Virginia Supreme Court has had little opportunity to give it extensive construction. Indeed, the only reported case is *Webb v. Rivers*, 256 Va. 460, 507 S.E.2d 360 (1998).

*Webb* involved an auto accident where the plaintiff sought to use this statute to establish a punitive damage claim. In affirming the dismissal by the trial court of the statutory claim, the Supreme Court opined: "Code § 8.01-44.5 required that the plaintiff prove each of the statutory elements contained therein. Here, the plaintiff failed to produce any evidence . . . the defendant knew he was going to operate a motor vehicle." *Webb*, at 463.

Since the standard of statutory construction in Virginia requires that any statute modifying the common law be strictly construed, the result in *Webb* hardly creates any surprise. See *Hawthorn v. City of Richmond*, 253 Va. 283, 289, 484 S.E.2d 603 (1997).

However, the result in *Webb* does not address the issue before the court.

The admissibility of a certificate of analysis usually arises in a criminal prosecution for driving under the influence. In such a case, Virginia Code § 18.2-268.7 (blood test) or § 18.2-268.9 (breath test) would govern its admissibility. While the statutes are drafted with two discrete tests in mind and contain different language, they both provide for the admission into evidence of the certificate when properly certified.

The current version of § 18.2-268.9 also contemplates admission "in any court in any criminal or civil proceedings as evidence of the facts therein stated and of the result of such analysis."

It should also be observed that the Code of Virginia mandates that anyone arrested for driving under the influence shall submit to either a blood or breath test within two hours of the alleged offense. Section 18.2-268.2. Failure to submit to such a test makes the refuser subject to certain civil penalties. (See §§ 18.2-268.3 and 18.2-268.4.)

One should further note that a test result showing a blood alcohol content of 0.08 grams or more makes it per se unlawful to operate a motor vehicle. Section 18.2-266(i). Thus a person can be in violation of § 18.2-266 without the court coming to a conclusion regarding whether the defendant was "under the influence."

It should also be observed that the proscribed conduct in § 18.2-266(i) contemplates the test taken after the offensive driving has occurred as being evidence that the conduct was improper at the time of the arrest (or the driving). If fact, as we observed before, the legislature elected to allow as much as a two-hour window for the test.

The Court of Appeals in *Thurston v. City of Lynchburg*, 15 Va. App. 475, 482, 424 S.E.2d 701 (1992), has recognized the difference between having a "blood alcohol concentration of 0.10 percent or more" in violation of § 18.2-266(i) and "driving while such person is under the influence of alcohol" in violation of § 18.2-266(ii).

The difference between the per se violation of the statute (a blood alcohol of 0.08 or more) and driving under the influence of alcohol takes on additional significance in that § 18.2-269 creates certain "rebuttable presumptions" of the level of intoxication. Obviously a rebuttable presumption extends an invitation to either party to present additional evidence. This rebuttable presumption does not apply, however, unless the prosecution is for a violation of § 18.2-266(ii).

If we adopt this scheme as a rational basis for deciding the issue presently before the court, then we must first decide whether 8.01-44.5(i) is a "per se" rule as opposed to a "rebuttable presumption" rule.

The court is of the opinion that the legislature intends to create a "per se" rule in § 8.01-44.5(i). The statutory language is clear and it establishes one prong of the test to be a result of 0.15 or more. Even though the various "driving under the influence" statutes (§ 18.2-266(ii) etc.) allow for rebuttable presumptions in certain situations, this statute does not adopt a similar scheme. More telling perhaps is that there is no requirement in the test requiring proof of the defendant's being "under the influence." The language of this statute creates a firm criteria and does not allow evidence to contradict this standard.

The final step requires that we assume that the legislature knew and understood that the same criteria for testing would be used for criminal and civil matters. In criminal cases, one can be punished for a "per se" violation of the statute even though the test may show a blood alcohol level taken up to two hours after the offensive driving. Severe punishment can be imposed for any violation of § 18.2-266 with no distinction being made between § 18.2-266(i) or § 18.2-266(ii). See § 18.2-270.

The legislature is presumed to have knowledge of other statutory law when it enacts new legislation. *Alphonse Custodis Co. v. Molina*, 183 Va. 512, 514, 32 S.E.2d 726 (1945), and *Uninsured Employer's Fund v. Edwards*, 32 Va. App. 814, 820, 531 S.E.2d 35 (2000).

The failure of the legislature to adopt a different statutory scheme when giving a new application to an existing one is clear evidence that the legislature intends no modification. *Commonwealth v. Chamberlain*, 31 Va. App. 533, 539, 525 S.E.2d 19 (2000), and *Shepherd v. F. J. Kress Box Co.*, 154 Va. 421, 425-26, 153 S.E. 649 (1930).

Thus it is only reasonable to assume that the legislature intends for the existing testing and admission of the certificate rules to continue to apply without modification. The court is therefore of the opinion that the certificate admitted herein as Exhibit A conclusively establishes the blood alcohol content of this defendant at 0.14 grams per 210 liters of breath, and no additional evidence will be taken in this matter to contradict this level.

Having made this finding, we can then apply the *Webb* rule and grant the motion of the defendant to strike the statutory claim for punitive damages. Since the court is of the opinion that Count One establishes a statutory claim only and would be insufficient to plead a common law claim for punitive damages, the entire punitive damages claim is, upon motion of the defendant, dismissed.

## *The Motion in Limine*

Having ruled that the alcohol issues as they would relate to a statutory punitive damage claim are not to come before a trial jury, we now direct our attention to the motion filed by the defendant to preclude any evidence of alcohol use being presented at trial.

The question of whether evidence of the defendant's use of alcohol should be presented as a part of the Motion for Judgment seeking compensatory damages largely depends upon the issues that remain at trial.

The defendant has filed a supplemental response to interrogatories filed by the plaintiff which states: "while the defendant may raise at trial the defense outlined in his Grounds of Defense, he will admit liability for causing the accident at hand. The issue of damages is to be litigated at trial."

The Grounds of Defense filed in this matter is typical of those filed by defense counsel in this area and raises the legal defenses of contributory negligence and assumption of risk and contains a general denial of liability of any kind.

If defense counsel is in fact prepared to stipulate negligence and sole proximate cause and go to trial upon the sole issue of compensatory damages, then the court would rule that any evidence of liability is unnecessary as having been stipulated. This, of course, would include any evidence relating to the use of alcohol by the defendant.

At this point in the proceeding, I find the response by the defendant ambiguous and will decline to enter an order in limine unless it contains the above stipulation. If defense counsel does not wish to agree to the stipulation, the court will reserve the ruling on evidentiary issues until trial.