**CIRCUIT COURT OF WISE COUNTY**

Robert Bowen,
Administrator

v.

Donald Tucker et al.

June 17, 2002

Case No. 97-133

By Judge Ford C. Quillen

The defendant has moved to dismiss this case on two counts: (1) The plaintiff's allegations do not support a claim for punitive damages; and (2) the plaintiff has requested punitive damages in excess of the statutory limit.

In deciding upon a demurrer, the Court looks solely at the plaintiff's allegations in the motion for judgment to determine whether there is a stated cause of action. The facts admitted as true are (1) those expressly alleged, (2) those which are by fair intendment impliedly alleged, and (3) those which may be fairly and justly inferred from the facts alleged. *Bowman v. State Bank of Keysville*, 229 Va. 534, 536 (1985).

In Virginia, punitive damages are allowable where there is "such recklessness or negligence as evinces a conscious disregard of the rights of others." *Baker v. Marcus*, 201 Va. 905, 909. Willful or wanton acts have also allowed punitive damages and these acts can be inferred from the defendant's conduct. "Willful or wanton conduct imports knowledge and consciousness that injury will result from the act done." *Giant of Virginia, Inc. v. Pigg*, 207 Va. 679, 685 (1967).

In the case at hand, in which allegations are that the defendant fell asleep while driving, causing injury, the plaintiff mimics the quoted language of *Baker* in his motion for judgment in paragraph VII when he states, "The foregoing action constitutes willful and wanton conduct and demonstrates such recklessness as to evince a conscious disregard for the safety of others."

There are no reported cases awarding punitive damages to a plaintiff who was injured by a driver who had fallen asleep. The most comparable cases which enunciate the same principle of law can be found in cases dealing with intoxication. Several Virginia cases demonstrate that intoxication while driving can amount to a conscious disregard of the rights of others. *Webb v. Rivers*, 256 Va. 460 (1998); *Huffman v. Love*, 245 Va. 311 (1993); and *Boothe v. Robertson*, 236 Va. 269 (1988). In *Boothe*, the intoxicated driver was warned by other oncoming traffic before the driver struck another vehicle farther down the highway. In *Huffman*, the intoxicated driver was also speeding and he left the scene of the accident. In *Webb*, the intoxicated driver also ran a red light. Additionally, in all three of the above cases, the defendant's blood alcohol content was at least double the legal limit.

The Court has denied punitive damages against an allegedly intoxicated driver where the evidence of intoxication was insufficient. In *Pruent v. Dickens*, 245 Va. 217 (1993), the court found evidence of intoxication alone was not enough to reach the level of wanton negligence necessary for an award of punitive damages. The court again found the evidence insufficient to award punitive damages when an intoxicated driver who suffered from "night blindness" collided with an approaching automobile in its lane of travel. *Hack v. Nester*, 241 Va. 499 (1991). In *Baker v. Marcus*, 201 Va. 905 (1960), the court denied punitive damages where the only proof of reckless disregard was an odor of alcohol on the defendant's breath. Here, the defendant hit the back of the plaintiff's car. The court also noted that, at the time of the accident it was dark and raining.

Thus, intoxication may "serve to elevate the defendant's conduct as to show the level of 'negligence so gross, wanton, and culpable as to show a reckless disregard of human life'." *Essex v. Commonwealth*, 228 Va. 273, 280 (1984) (quoting *King v. Commonwealth*, 217 Va. 601, 607 (1977)). This quote is also an example of the court's using a criminal case to define the type of negligence from which punitive damages could arise. The level of negligence needed for punitive damage can be further defined if we look at other criminal cases that involve a driver's falling asleep while driving. Although there are no cases in Virginia awarding punitive damages to a plaintiff who received injuries because of another driver's falling asleep, there are cases of drivers who have fallen asleep being charged with involuntary manslaughter. Where defendant had been up for twenty-two hours without sleep, chose to drive his vehicle, and caught himself drifting off four or five times, it could be inferred that he had the requisite knowledge that his behavior would probably injure another, such that the behavior rose to the level of criminal negligence. *Conrad v. Commonwealth*, 31 Va. App. 113 (1999).

Previously pulling over to sleep or nodding off previously during the same trip were factors the Virginia Court of Appeals used to determine whether the conviction of involuntary manslaughter should be supported. *Hargrove v. Commonwealth*, 10 Va. App. 618 (1990). "If Hargrove had been operating his vehicle for a number of hours in a tired and sleepy condition, or while in such a state undertook a trip of such a substantial distance or time that he should have known he might fall asleep, the evidence might support a finding that he was acting in reckless disregard for human life." *Id.* at 622.

In the case at hand, the plaintiff alleges in paragraph IV that the defendant had driven all night before transporting plaintiff's decedent. Thus, the as-stated facts in the plaintiff's allegation could support a cause of action that would result in an award to punitive damages if the plaintiff proves the defendant driver knew or should have known that he was likely to fall asleep and as a result show a reckless disregard for human life. Accordingly, it would be premature to dismiss the plaintiff's case until further discovery and the facts are revealed either through admissions or a bill of particulars.

However, as far as the second part of the defendant's demurrer, there is a statutory limit on punitive damages, and the plaintiff's request of one million dollars exceeds this limit.

> In any action accruing on or after July 1, 1988, including an action for medical malpractice under Chapter 21.1 (§ 8.01-581.1, *et seq.*), the total amount awarded for punitive damages against all defendants found to be liable shall be determined by the trier of fact. In no event shall the total amount awarded for punitive damages exceed $350,000.

See Va. Code § 8.01-38.1 — *Limitation on recovery of punitive damages.*