## CIRCUIT COURT OF SHENANDOAH COUNTY

Bradley Wade Cook

v.

Wayside of Virginia, Inc., et al.

August 2, 2002

Case No. (Law) No. CL01-87

BY JUDGE DENNIS L. HUPP

As I am required to do when ruling on a demurrer, I have reviewed the plaintiff's Second Amended Motion for Judgment in the light most favorable to it, drawing all reasonable inferences that may be fairly and justly drawn therefrom and accepting as true the factual allegations made therein. *Russo v. White,* 241 Va. 23, 24, 400 S.E.2d 160 (1991).

I see no need to list the various allegations made. In summary, the plaintiff contends that defendant Adolphson consumed alcoholic beverages while knowing that she would be operating a motor vehicle as part of the responsibilities of her employment, that she became too intoxicated to operate a motor vehicle safely, that she did indeed operate a motor vehicle in a reckless manner, specifically at a rate of speed which was excessive for the nature and character of the road and its then-existing condition, even increasing the speed of her vehicle in the face of warnings from her passengers to do the opposite. The plaintiff seeks punitive damages under the common law and not under the Virginia statute, § 8.01-44.5.

I must admit the difficulty I have in sorting out and analyzing the case law on this point. The facts of one case may be equally as egregious as those of another, in my view, yet the Virginia Supreme Court may strike the claim for punitive damages in one and allow that claim to go forward in the other. For example, in *Huffman v. Love,* 245 Va. 311, 427 S.E.2d 357 (1993), and in

*Hack v. Nester*, 241 Va. 499 (1990), the defendant's vehicle crossed over into the oncoming lane of traffic while rounding a curve. The aggravating factor in *Huffman* was the defendant's level of intoxication (.32%). In my view, there were other aggravating factors in *Hack* that made the conduct just as egregious as in *Huffman*. For instance, while the defendant's level of intoxication was substantially lower, he was operating a motor vehicle with one headlight out during the nighttime while he suffered from night blindness, and he had been convicted of DUI twice before and had no license because of that. In *Huffman*, the Supreme Court reversed the trial court's granting of a motion *in limine* limiting the plaintiff to compensatory damages, but in *Hack* the Supreme Court reversed the trial court for allowing the claim of punitive damages to go to the jury. The one principle which becomes readily apparent in reviewing the cases is a simple one: each case must be decided on its own facts. *Huffman*, 245 Va. at 315.

Having now voiced my frustration, let me say that this is not offered as a criticism of these decisions but as an acknowledgement of my struggle whenever faced with this issue. From my reading of the various cases, I have discerned another common theme. In order for the punitive damages claim to advance, there must be allegations of reckless driving together with some sort of notice to the defendant that his driving behavior on that particular occasion is endangering others. The Supreme Court expressly stated the importance of "prior knowledge or notice" in *Alfonso v. Robinson*, 257 Va. 540 at 546 (1999).

In that vein, I offer a brief comparison of several cases. In *Huffman v. Love*, the defendant had struck another vehicle about one mile before striking the second vehicle which was the subject of that case. Hence, he had forewarning that his driving conduct was endangering others. In *Booth v. Robertson*, 236 Va. 269, 374 S.E.2d 1 (1998), another case in which the Supreme Court ruled that the jury should have been allowed to consider punitive damages, the defendant, an intoxicated driver, was operating his motor vehicle in the wrong direction on Interstate 81 at the time of the collision, and he had received a warning, of a sort, from an oncoming truck driver who blew his horn and flashed his lights in an effort to stop the defendant. While the defendant in *Hack v. Nester* should have been on notice that drunken driving was dangerous, there was nothing to warn him on that particular occasion that his driving conduct was endangering others. Neither was such warning received by the defendant in *Puent v. Dickens*, 245 Va. 217, 427 S.E.2d 340 (1993),

where the Supreme Court ruled that the facts did not support an award of punitive damages.

Here, there are allegations that the defendant was operating a motor vehicle while too intoxicated to do so safely, was operating a motor vehicle at an excessive rate of speed for the conditions prevailing at the time, and that, in spite of warnings from her passengers, she increased her speed and lost control of her vehicle, resulting in injury to the plaintiff, a passenger. The defendant did not simply ignore the warnings, she became more reckless in spite of them. This sufficiently *alleges* conduct so willful and wanton as to evince a conscious disregard of the rights of others.

The demurrer as to defendant Adolphson is overruled.

While there are allegations that Adolphson's supervisor was aware of her intoxication and still gave her instructions to drive a motor vehicle for employment purposes, there is no allegation that Wayside condoned or ratified her particular driving conduct on this occasion. Accordingly, the demurrer as to punitive damages should be sustained as to this defendant.