## CIRCUIT COURT OF FAIRFAX COUNTY

Diane Thomas

v.

Pettibone

November 12, 2002

Case No. (Law) 204948

BY JUDGE JONATHAN C. THACHER

This matter came before the Court on September 20, 2002, on Defendant Pettibone's Demurrer to Plaintiff Thomas' Bill of Complaint and was taken under advisement to determine whether Defendant Pettibone's Demurrer should be sustained. For the reasons set forth in this opinion letter, Defendant's Demurrer is sustained with leave to amend. Leave to amend is granted only to the extent that facts other than those already pleaded are capable of being pleaded. If an amended Motion for Judgment is filed, any motions regarding this case will be heard by Judge Thacher.

Plaintiff Thomas filed a Motion for Judgment alleging negligence against Defendant Pettibone for personal injuries arising out of a motor vehicle accident on July 5, 2000, and seeking $250,000.00 in compensatory damages and $100,000.00 in punitive damages. Defendant filed an Answer and Grounds of Defense to the Motion for Judgment as it relates to the compensatory damages. Defendant filed this demurrer to the punitive damages.

At the time of the motor vehicle collision, Plaintiff Thomas states that she was driving her car in the Van Dorn Street exit of I-495. Traffic behind Thomas had stopped or slowed. Defendant Pettibone allegedly pulled out of the right lane exiting to Van Dorn Street, several cars behind Thomas, and struck the passenger door of a vehicle operated by Knapp in the right travel

lane of I-495 East, causing the Knapp vehicle to become airborne, flip several times, and strike the top of Plaintiff Thomas' car, exploding the windshield and windows of Thomas' car.

In the Motion for Judgment, Thomas alleged:

11. For several miles prior to striking the Knapp vehicle and causing it to strike Diane Thomas' car, Defendant Pettibone had been negligently, recklessly, and aggressively weaving in and out of traffic....

13. Defendant Pettibone was negligent and reckless in that he:

(a) Drove the car he was operating at an excessive rate of speed under the existing circumstances,

(b) Failed and refused to yield the right of way possessed by Roberta Knapp;

(c) Failed to keep a proper lookout for other cars, including those operated by Roberta Knapp and Diane Thomas and others;

(d) Operated his vehicle in a negligent and reckless manner;

(e) Weaved to and from the right, center, and left lanes ignoring and/or refusing and/or failing to appropriate attention and care to the safety of others using I-495 east bound. In her pleading, Thomas alleges that Defendant had been negligently, recklessly, and aggressively weaving in and out of traffic for several miles prior to striking the Knapp vehicle and causing it to strike her.

14. Defendant Pettibone's aggressive and dangerous driving was willful, wanton, reckless, and consciously in disregard for the rights of other persons using I-495 eastbound and evidenced a conscious disregard for the safety of others, including Diane Thomas.

*Analysis*

The function of a demurrer is to test only whether the challenged pleading states a cause of action or sufficiently states facts upon which relief can be granted if all the allegations are admitted as true. Va. Code Ann. § 8.01-273. See *Faulknier v. Shafer*, 264 Va. 210, 214, 563 S.E.2d 755 (2002). In considering a demurrer, all reasonable inferences fairly and justly drawn from the facts alleged must be considered in the aid of the pleading. *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 375 (1988). However, a demurrer will be

sustained if the motion for judgment, considered in the light most favorable to the plaintiff, fails to state a valid cause of action. *W. S. Carnes v. Board of Supervisors*, 252 Va. 377, 385, 478 S.E.2d 295, 300 (1996).

Punitive damages are allowable only where there is misconduct or malice, or such recklessness or negligence as evinces a conscious disregard of the rights of others. *Booth v. Robertson*, 236 Va. 269, 272, 374 S.E.2d 1, 4 (1988). The purpose of punitive damages is to protect the public, to punish the defendant, and to warn and deter him and others from committing like offenses. *Huffman v. Love*, 245 Va. 311, 316, 427 S.E.2d 357, 362 (1993). However, these damages are not given as plaintiff's due, *Baker v. Marcus*, 201 Va. 905, 910, 114 S.E.2d 617, 621 (1960), and there is a general reluctance on the part of the Virginia Supreme Court to allow punitive damages in run-of-the-mill personal injury cases. *Booth*, 236 Va. at 274. Punitive damages should be assessed "only in cases involving the *most egregious conduct.*" *Simbeck, Inc. v. Dodd Sisk Whitlock Corp.*, 257 Va. 53, 58, 508 S.E.2d 601, 606 (1999).

Allegations for punitive damages must contain specific facts that support willful and wanton conduct, including allegations that defendant intended its misconduct. *Cocoli v. Children's World*, 41 Va. Cir. 589 (1994). See *Infant C. v. Boy Scouts of Am.*, 239 Va. 572, 582, 391 S.E.2d 322 (1990).[1] Willful and wanton negligence generally involves some type of egregious conduct, conduct going beyond that which shocks fair-minded people. *Harris v. Harman*, 253 Va. 336, 341, 486 S.E.2d 99, 104 (1997). Whether alleged facts are sufficiently egregious to state a claim for punitive damages must be determined on each case's own set of facts. *Huffman*, 245 Va. at 316.

In a common law personal injury case arising out of a motor vehicle collision, the Virginia Supreme Court has found conduct sufficiently egregious enough to warrant the award of punitive damages where the driver drove the wrong way down the exit ramp, entered the northbound lanes of I-81 into the path of a tractor-trailer, ignored the truck's constant blast on the air horn, kept going at a high rate of speed, had a blood alcohol content of 0.22%, and ran head-on into the Plaintiff's vehicle, *Booth v. Robertson*, 236 Va. 269, 374 S.E.2d 1 (1988); where the driver was involved in an accident with another car prior to the collision, exceeded the speed limit, drove in the wrong lane, left the scene of the accident, and had a blood alcohol content of 0.32%,

---

[1] The Court found factual allegations in Count IV of the Motion for Judgment sufficient to allege "such recklessness or negligence as evinces a conscious disregard of the rights of others" where the Plaintiff pleaded eighteen paragraphs of facts describing specific sexual acts against the Plaintiff, including criminal conduct.

*Huffman v. Love*, 245 Va. 311, 427 S.E.2d 357 (1993); and, where the driver traveled 90 m.p.h. in a residential neighborhood with a 25 m.p.h. speed limit, drove through a red light, and had a blood alcohol content of 0.21%. *Webb v. Rivers*, 256 Va. 460, 507 S.E.2d 360 (1998). (The facts failed to establish a statutory claim for punitive damages under Va. Code § 8.01-44.5, but were sufficient to support a common law claim for punitive damages.)

The Virginia Supreme Court has refused to allow a claim for punitive damages to stand in a common law personal injury case where the driver was drinking on the day of the collision, operated his vehicle at night without a left headlamp, knew he suffered from night blindness, and drove over into the left lane of oncoming traffic, *Hack v. Nester*, 241 Va. 499, 404 S.E.2d 42 (1991); where the driver tailgated the plaintiff's vehicle for some distance, both vehicles were traveling at 40 to 60 m.p.h. in a 30 m.p.h. zone, plaintiff's vehicle rounded a corner losing control, driving off the road, and the two vehicles never came in contact with each other, *Harris v. Harman*, 253 Va. 336, 486 S.E.2d 99 (1997); and, where the driver was speeding, never applied his brakes, slammed into the rear end of a vehicle stopped at a red light, attempted to leave the scene of the collision, and had a blood alcohol content of 0.24%. *Puent v. Dickens*, 245 Va. 217, 427 S.E.2d 340 (1993).

In this case, the facts, as alleged, show that the traffic behind Thomas was stopped or slowed, that the Defendant pulled out of the exit lane, that in doing so, the Defendant struck the passenger door of a passing vehicle, namely Roberta Knapp's vehicle, and that Knapp's vehicle became airborne and struck Plaintiff Thomas' vehicle. While the Plaintiff alleged that the Defendant failed to yield the right of way, to keep a proper look out, had negligently, recklessly, and aggressively woven in and out of traffic prior to the collision, thereby allegedly demonstrating willful, wanton, reckless conduct, consciously disregarding the rights of others, the Plaintiff did not allege facts to show that Defendant's alleged reckless or negligent conduct went beyond that which shocks fair-minded people. The factual allegations did not show that Defendant's actions were sufficiently egregious to state a claim for punitive damages under Virginia law. The Demurrer is sustained with leave to amend.