JUSTICE KINSER,
concurring in part and dissenting in part.
I agree with the majority’s rationale and conclusion regarding Nichole Woods’ claim for punitive damages pursuant to Code § 8.01-44.5. However, I disagree with the majority’s determination that Woods pled sufficient facts to state a claim for common law punitive damages as to both defendants. In any case involving willful and wanton negligence, the evidence must show that a defendant had prior knowledge or notice of specific conditions, or of actions or omissions, that would likely cause injury to other individuals. See Alfonso v. Robinson, 257 Va. 540, 546, 514 S.E.2d 615, 619 (1999); Clohessy v. Weiler, 250 Va. 249, 253, 462 S.E.2d 94, 97 (1995). As *79 our previous cases demonstrate, only the most egregious set of facts will justify submitting the issue of punitive damages to a jury.
For example, in Booth v. Robertson, 236 Va. 269, 270, 374 S.E.2d 1, 1 (1988), the defendant drove his vehicle the wrong way down an exit ramp onto Interstate 81 narrowly avoiding a collision with a tractor-trailer truck. The driver of that truck “blinked his lights[,] blew ‘a constant blast’ on his air homs[,]” and had to swerve in order to avoid hitting the defendant’s vehicle. Id. The defendant passed the truck and “ ‘just kept going ... at a pretty high rate of speed.’ ” Id. He then traveled approximately four-tenths of a mile farther down the interstate in the wrong direction before colliding head-on with the plaintiff. Id. A certificate of blood analysis indicated that, at the time of the accident, the defendant had a blood alcohol content of 0.22% by weight by volume. Id. at 271, 374 S.E.2d at 1. We held that “the egregious set of facts presented” was sufficient to submit the plaintiff’s punitive damages claim to a jury. Id. at 273, 374 S.E.2d at 3; see also Webb v. Rivers, 256 Va. 460, 464, 507 S.E.2d 360, 363 (1998) (evidence that defendant drove 90 m.p.h. in a 25 m.p.h. residential neighborhood, failed to stop at a red traffic light, and had a blood alcohol content of 0.21% was sufficient to submit punitive damages claim to a jury); Huffman v. Love, 245 Va. 311, 313, 427 S.E.2d 357, 359 (1993) (evidence that defendant had blood alcohol content of 0.32% and had caused a collision immediately prior to the collision at issue was sufficient to allow punitive damages claim to be presented to a jury).
However, in Hack v. Nester, 241 Va. 499, 507, 404 S.E.2d 42, 45 (1990), we held that the evidence did not “present the ‘egregious set of facts’ presented in Booth” and that the trial court, therefore, erred in submitting the issue of punitive damages to the jury. Id. The defendant in Hack crossed into the opposite lane of travel on a curve and collided with another motorist, killing her. Id. at 502-03, 404 S.E.2d at 43. The plaintiff based the punitive damages claim upon evidence that, at the time of the accident, the defendant’s blood alcohol content was somewhere between 0.09% and 0.114%, he had two prior convictions for driving under the influence, and he was operating the vehicle on the left side of the highway, without a left headlight and while allegedly suffering from night blindness. Id. at 506-07, 404 S.E.2d at 45. We concluded that, although the defendant’s negligence certainly caused the death of the other motorist, it did not show the conscious disregard for her safety necessary to sustain an award of punitive damages. Id. at 507, 404 S.E.2d at 45; see also *80 Puent v. Dickens, 245 Va. 217, 219, 427 S.E.2d 340, 342 (1993) (the combined factors of a defendant, with a blood alcohol content of 0.24%, failing to apply brakes to avoid hitting a vehicle that had stopped at a traffic signal and exhibited lighted brake and rear lights was insufficient to justify an award of punitive damages).
In my view, the requirement of prior knowledge of specific conditions that would likely cause injury to others is missing with regard to both defendants in this case. When compared to our prior cases, the “knowledge component” is not satisfied by Woods’ allegations that Armando V. Mendez had a blood alcohol content of 0.18% and swerved his vehicle across several lanes of an interstate highway, nor by the allegations that James W. Molle was intoxicated and drove with insufficient sleep. Allegations sufficient to show a conscious disregard for the rights of others, such as prior accidents, near collisions, or excessive speed, are missing in this case.
For these reasons, I respectfully concur in part and dissent in part.